## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WENDELL DWAYNE O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  5:18-cv-1831-LCB |
| | ) | |
| FARMERS INS. CO. INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

There are several motions pending before the Court:  (1) Motion to Dismiss (Doc 5); (2) "Plaintiff's Response for an Order Finding Diversity and Subject-Matter Jurisdiction Exists Pursuant to Rule 15" (Doc. 12), which the Court has construed as a response to the Motion to Dismiss; (3) Motion to Dismiss Thirteenth Dimension (Doc. 16); and (4) Renewed Motion to Dismiss (Doc. 18).  The Court also entered an order (Doc. 14) directing defendant Thirteenth Dimension, LLC ("Thirteenth Dimension") to obtain counsel.[1]    These filings raise a variety of issues that the Court will address separately below.

## I.    BACKGROUND

On November 15, 2018, plaintiff Dwayne O'Neal ("plaintiff") filed a complaint against defendants Farmers Insurance Company, Inc., Mid-Century

---

[1] Thirteenth Dimension is listed as a plaintiff in the complaint; however, as the Court has stated, entities may not proceed without counsel.

Insurance Company, Inc., Leah Goslee (collectively, "Farmers"), and Geronda Gendron ("Gendron"). On November 8, 2018, Farmers filed a Motion to Dismiss (Doc. 5), arguing lack of subject matter jurisdiction. On November 13, 2018, plaintiff filed an amended complaint (Doc. 10) against Farmers and Tina Sheldon ("Sheldon").[2] Gendron was not listed as a defendant with the other defendants; therefore, the Court assumes that she is no longer a defendant. On November 13, 2018, plaintiff also filed a response (Doc. 12) to the Motion to Dismiss.

On November 14, 2018, the Court issued an order (Doc. 14) directing plaintiff Thirteenth Dimension to obtain counsel by November 21, 2018. On November 20, 2018, plaintiff filed a response (Doc. 15) to that order, requesting that the Court permit him to represent Thirteenth Dimension, or, in the alternative, give him additional time to obtain counsel on behalf of Thirteenth Dimension. Then, on November 26, 2018, plaintiff filed a Motion for Order Dismissing Thirteenth Dimension (Doc. 16). On November 29, 2018, Farmers filed a Renewed Motion to Dismiss (Doc. 18). On November 29, 2018, the Court issued an order to show cause, directing plaintiff to respond to the Renewed Motion to Dismiss and to demonstrate why subject matter jurisdiction exists. On November 30, 2018, plaintiff filed a response (Doc. 20) to the order to show cause.

---

[2] It does not appear that Sheldon has ever been served.

## II.  DISCUSSION

The Court will first address the issue of Thirteenth Dimension's lack of legal representation and then the issue of subject matter jurisdiction.

### A.  Thirteenth Dimension

As the Court has stated in its November 14 order (Doc. 14), a legal entity may not proceed pro se.  The Court also advised Thirteenth Dimension that it must obtain representation by November 21, 2018.  That deadline has passed, and no attorney has entered an appearance on behalf of Thirteenth Dimension.  And, while plaintiff cannot act as counsel for Thirteenth Dimension, the Court has reviewed his response (Doc. 15) to the November 14 order, as well as the Motion to Dismiss Thirteenth Dimension (Doc. 16) filed by plaintiff.  Therefore, the Court will dismiss Thirteenth Dimension from this lawsuit due to lack of proper representation.

### B.  Lack of Subject Matter Jurisdiction

In response to plaintiff's amended complaint (Doc. 10), Farmers filed a Renewed Motion to Dismiss (Doc. 18).[3]  Farmers argues that the Court does not have subject matter jurisdiction because complete diversity does not exist.

---

[3] Because plaintiff filed an amended complaint and Farmers filed a Renewed Motion to Dismiss in response, the Court will deny as moot the Motion to Dismiss (Doc. 5) the original complaint.

Specifically, Farmers asserts that plaintiff and Sheldon are both residents of Alabama and therefore there is not complete diversity.[4]

In response, plaintiff appears to argue that removing Sheldon as a defendant will cure the defect and, as a result, diversity jurisdiction will exist. Plaintiff then appears to request permission to amend his complaint to dismiss Sheldon as a defendant.

Section 1332(a) states that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between "citizens of different States." *Id*. at § 1332(a)(1). "This statute and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978) (emphasis in original).

If plaintiff amends his complaint and removes Sheldon as a defendant, it appears that the basis of Farmers' Renewed Motion to Dismiss will be moot. Because Rule 15 of the Federal Rules of Civil Procedure commands the Court to freely give leave to amend, the Court will permit plaintiff to amend his complaint

---

[4] Farmers also asserts that the amended complaint does not raise any federal questions. The Court agrees that, as pleaded, it does not. Plaintiff's claims – to the extent they are comprehensible – appear to revolve around negligence, misrepresentation, and fraud. These claims do not raise a federal question simply because plaintiff cites to the Constitution and non-applicable federal statutes.

to remove Sheldon as a defendant.  However, the Court cautions plaintiff that it will not look favorably upon manipulation of defendants in the future to maintain the Court's subject matter jurisdiction.

## III.    CONCLUSION

Accordingly,

IT IS ORDERED that Thirteenth Dimension's claim(s) are dismissed for lack of proper representation.

IT IS FURTHER ORDERED that the Motion to Dismiss Thirteenth Dimension (Doc. 16) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Motion to Dismiss (Doc. 5) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Renewed Motion to Dismiss (Doc. 18) is DENIED WITHOUT PREJUDICE.  Another motion may be filed if plaintiff fails to amend his complaint by the deadline given.

IT IS FURTHER ORDERED that plaintiff file an amended complaint **consistent with this order** and that **complies with all provisions of Rule 10** of the Federal Rules of Civil Procedure by **December 17, 2018**.

IT IS FURTHER ORDERED that the parties meet and confer pursuant to Rule 26(f) within **fourteen (14) days** of the filing of plaintiff's amended complaint.  If defendants file another motion to dismiss in response to plaintiff's

amended complaint, they may move for another extension of time.

**DONE** and **ORDERED** this December 10, 2018.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE